IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:25-cv-398-TFM-N |
| | ) | |
| TRANG DUONG | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *Motion for Leave to Serve the Summons and Complaint Upon Defendant by Publication and Extend the Time Which to Serve the Summons and Complaint* (Doc. 18, filed 5/14/26).  For the reasons articulated below, Plaintiff's motion is **GRANTED**.

### I.    FACTUAL BACKGROUND AND MOTION

The United States filed its Complaint in this matter on October 1, 2025.  *See* Doc. 1.  On October 23, 2025, the United States attempted to serve Defendant by certified mail at her last known address in Bayou la Batre, Alabama ("Alabama Residence").  *See* Doc. 3.  After two attempted deliveries, on November 21, 2025, the Complaint and Summons sent to the Alabama Residence were returned as "unclaimed."  Doc. 17-1.  The United States located two possible additional addresses for Defendant in Worcester, Massachusetts ("Massachusetts Addresses") and filed its first request for an extension on time to effectuate service on December 19, 2025.  Doc. 6; Doc. 7; Doc. 7-1.  The Court granted the motion for an extension of time and gave the United States under February 13, 2026 to serve the Defendant.  Doc. 8.  On December 23, 2025, The United States sent a copy of the Summons and Complaint to Defendant by certified mail to the

Massachusetts Addresses. Doc. 9. The United States sent a second copy on January 23, 2026. *Id.* Both mailings to the Massachusetts Addresses were returned as "not deliverable" and "unable to forward." Doc. 17-2.

On February 5, 2026, the United States requested assistance from the U.S. Marshals Service to effectuate service on both the Alabama Residence and the Massachusetts Addresses. The U.S. Marshals in Massachusetts attempted to serve Defendant at the Massachusetts Addresses on March 9, 2026. The Massachusetts Deputy U.S. Marshal was unable to locate Defendant but made contact with a resident who stated that Defendant no longer lived in the building. Doc. 15.

On March 24, 2026, the U.S. Attorney's Office received an anonymous facsimile from Defendant or someone acting on Defendant's behalf, which included a compilation of communications the United States delivered to both Defendant's Alabama Residence and Massachusetts Addresses. Doc. 12-1. The United States was able to determine the facsimile was sent from the Bayou la Batre public library. Additionally, on March 25, 2026, the U.S. Attorney's Office received a Priority Mail envelope from Defendant, with a return address of Defendant's Alabama Residence, enclosing the same documentation received in the anonymous March 24, 2026 facsimile. Doc. 12-2. However, the United States notes that the documentation reflected only that Defendant received the United States' Second Motion for Extension of Time Limit for Service, and not the Complaint. *Id.*

On March 31, 2026, this Court granted the United States' Third Motion for Extension of Time and gave the United States until May 14, 2025 to serve Defendant. Doc. 14. The U.S. Marshals attempted to serve Defendant at the Alabama Residence multiple times to no avail. Doc. 16.

On April 10, 2026, Assistant U.S. Attorney Emma L. Sloan received a call from Douglas

Martin, an Alabama attorney who stated Defendant contacted him regarding this lawsuit. The United States asked is Mr. Martin would accept service on Defendant's behalf. Mr. Martin declined, stating he was unsure if he would be representing the Defendant.

Consequently, after serval attempts to effectuate service, the whereabouts of Defendant are currently unknown, though the evidence suggests she is able to receive mail at her Alabama Residence but either not living there or avoiding service. Certainly the evidence indicates that Defendant is aware of this lawsuit.

## II.    LAW GENERALLY

Rule 4(e)(1) of the Federal Rules of Civil Procedure states that unless it is contrary to federal law, service may be perfected on an individual within a judicial district of the United States "pursuant to the law of the state in which the district court is located." FED. R. CIV. P. 4(e)(1). Rule 4(e)(2) provides other means in addition to those listed under Rule 4(e)(1) which permits service by "doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2). Hence, a plaintiff who files suit in the Southern District of Alabama may serve an individual by any means authorized by Alabama law.

The Alabama Rules of Civil Procedure provide service upon an individual as follows:

Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process[.]

ALA. R. CIV. P. 4(c)(1).

Rule 4.3 states when service by publication is authorized as a method of service.:

> When a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication. When a defendant is a corporation and the process server has endorsed the fact that the process cannot be served because of the failure of the defendant to elect officers or appoint agents, or because of the absence of officers or agents from the state of incorporation and the state of the corporation's principal place of business for a period of thirty (30) days from the filing of the complaint or because the officers or agents are unknown, then such defendant shall be deemed to have avoided service and the court may, on motion, order service of such defendant to be made by publication. The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance.

ALA. R. CIV. P. 4.3(c). A plaintiff who seeks a court order that authorizes service by publication must submit an affidavit that shows the defendant is avoiding service. *Id.* The Committee Comments to ALA. R. CIV. P. 4.3 state:

> [M]ore than mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. Further, note that publication is only available on motion at which time the plaintiff should bring to the attention of the court those circumstances which, in the opinion of the plaintiff, substantiates plaintiff's contention that the defendant is avoiding service and that the plaintiff is entitled to service by publication.

ALA. R. CIV. P. 4.3(c) Committee Comments on 1977 Complete Revision.

### III. DISCUSSION AND ANALYSIS

In its motion and supporting evidence, the United States requests permission to serve via publication because Defendant's current whereabouts are unknown and the facts strongly suggest Defendant is avoiding service. Doc. 18 at 5. Ala. R. Civ. P. 4.3 provides the relevant analysis on service by publication. Ala. R. Civ. P. 4.3(b) provides that "*Residence known; when publication appropriate.* When the residence of a defendant is known and the action is one in which service

by publication is permitted, service of process must first be attempted by one of the methods of service other than publication as is provided by Rule 4." Ala. R. Civ. P. 4.3(a)(2) allows service by publication against a defendant who avoids service of process. Ala. R. Civ. P. 4.3(b) provides for service by publication on an individual whose residence is known when that defendant appears to be avoiding service. Specifically, Rule 4.3(b) states: "[w]hen the residence of a defendant is known and the action is one in which service by publication is permitted, service of process must first be attempted by one of the methods of service other than publication as is provided by Rule 4…." Pursuant to Rule 4(i), methods of service include: (1) Delivery by a Process Server; or (2) Service by Certified Mail.

Here, prior to filing its motion for service by publication, Plaintiff attempted service of process at Duong's last known address in Alabama at least two times by certified mail and three times by the U.S. Marshals. *See* Doc. 17-3. Plaintiff also attempted service of process at two other addresses it linked to the Defendant in Massachusetts, both by certified mail and by the U.S. Marshals. Pursuant to Rule 4.3(d)(1), Plaintiff has filed the affidavits of Assistant U.S. Attorney Emma Sloan and paralegal Ezmee Hutton documenting the numerous service attempts at the various addresses. *Id*.

At this point, the United States has attempted to serve Defendant multiple times both by certified mail and through personal service by the U.S. Marshals. Given the communications received by the United States on March 24 and March 25, 2026 and the contact from the prospective defense counsel, the Court agrees that it appears likely that Defendant is, at the very least, able to receive and is in fact receiving mail at the Alabama Address. Despite the numerous attempts by both certified mail and by the U.S. Marshals, however, the United States has been unable to effectuate service on Defendant. The Court therefore finds that Defendant is avoiding

service, and service by publication is warranted.

The evidence indicates that the Defendant's location is likely the Alabama Residence and therefore known. However, to the extent the United States argues that Defendant's location is unknown, the Court still finds service by publication is warranted. The affidavits filed by Assistant U.S. Attorney Emma Sloan and paralegal Ezmee Hutton explain the diligent attempts the United States made to locate the Defendant, and despite such attempts Assistant U.S. Attorney Emma Sloan states that the Defendant's location is still unknown. Docs. 17-3, 17-4; *see also* ALA. R. CIV. P. RULE 4.3 ("Before service by publication can be made in an action where the . . . residence of a defendant is unknown . . . an affidavit of a party or the party's counsel must be filed with the court averring that service of summons or other process cannot be made because . . . the residence is unknown to the affiant and cannot with reasonable diligence be ascertained . . ..").  Either way, whether the location of the Defendant is known and Defendant is avoiding service, or the location of the Defendant is unknown, the facts are sufficient to warrant service by publication.

Additionally, out of an abundance of caution given the uncertainty regarding potential location, it seems appropriate to order publication in both locations at issue. Specifically, the Alabama Residence in Bayou La Batre and the Massachusetts Addresses in Worcester. This ensures that both locations where Defendant likely receives her information have service by publication accomplished.

The Court notes that the service deadline expired on May 14, 2026. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to effectuate service may be extended "for good cause." FED. R. CIV. P. 4(m). As outlined above, the United States has been diligently attempting service on the Defendant. It has been unsuccessful through no fault of its own, but rather because Defendant is actively avoiding service. Thus, the Court finds good cause exists to

extend the deadline for service of process.

### IV.    CONCLUSION

Based on the above, *Motion for Leave to Serve the Summons and Complaint Upon Defendant by Publication and Extend the Time Which to Serve the Summons and Complaint* (Doc. 18) is **GRANTED**.  Plaintiff is **DIRECTED** to comply with the requirements of Ala. R. Civ. P. 4.3(d) in that the publication shall be filed in a newspaper of general circulation in Mobile County, Alabama and a newspaper of general circulation in Worcester, Massachusetts.  The content of the publication shall further comply with the requirements of Ala. R. Civ. P. 4.3(d)(3).  Plaintiff is **ORDERED** to file proof of completed service by publication upon completion of the requirements of Ala. R. Civ. P. 4.3, and on or before **October 5, 2026.**

**DONE** and **ORDERED** this the 5th day of August, 2026.

 s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE